UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOSE COLON,

                                    Plaintiff,

            -against-

THE CITY OF NEW YORK and POLICE
OFFICERS HENRY TAVAREZ, STEVEN
ANDERSON and ALAN FIGUEROA and
DETECTIVE MIGUEL CARVAJAL and POLICE
OFFICERS JOHN AND JANE DOE #1-10,
individually and in their official capacities (the names
John and Jane Doe being fictitious, as the true names
are presently unknown),

                                    Defendants.

------------------------------------------------------------------X

*FILED CLERK*

*2009 JAN -5 PM 12: 22*

*U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK*

**COMPLAINT**

**09  0008**

**JURY TRIAL DEMANDED**

*WEINSTEIN, J.*

Plaintiff JOSE COLON, by his attorney, ROCHELLE S. BERLINER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff JOSE COLON brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

3.     Plaintiff JOSE COLON further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4.     Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because the claims arose in this district and Plaintiff JOSE COLON resides in this district.

## JURY DEMAND

5.     Plaintiff JOSE COLON respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff JOSE COLON is a Hispanic male, a legal permanent resident of the United States, and at all relevant times a resident of the City and State of New York.

7.     Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.     That at all times hereinafter mentioned, the individually named defendants POLICE OFFICERS HENRY TAVAREZ, STEVEN ANDERSON, ALAN FIGUEROA, DETECTIVE MIGUEL CARVAJAL and POLICE OFFICERS JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## STATEMENT OF FACTS

13.     On January 5, 2008, Plaintiff JOSE COLON visited a bar/nightclub called Delicias de Mi Tierra in Elmhurst, New York.

14.     While at the bar/nightclub, Plaintiff JOSE COLON stood near the bar

15.     Plaintiff JOSE COLON was at the bar/nightclub for approximately an hour-and-a-half and stood near the bar the entire time.

16.     After approximately an hour-and-a-half, plain-clothes police officers entered the bar/nightclub.

3

17.     When the police officers entered the bar/nightclub, the indoor lights were turned on and the music was turned off.

18.     The police officers approached Plaintiff JOSE COLON; one of the officers told Plaintiff JOSE COLON to face the wall.

19.     Officers then handcuffed Plaintiff JOSE COLON.

20.     At no time did Plaintiff JOSE COLON resist being arrested.

21.     While at the bar/nightclub, Plaintiff JOSE COLON had no contact with Police Officers Henry Tavarez, Steven Anderson or Alan Figueroa.

22.     Plaintiff JOSE COLON's only contact with police officers while at the bar/nightclub was when he was being handcuffed and then arrested by Detective Carvajal.

23.     After being placed in handcuffs, officers removed Plaintiff JOSE COLON from the bar/nightclub and brought him outside to the sidewalk.

24.     Plaintiff JOSE COLON was driven to a police precinct in Queens.

25.     Plaintiff JOSE COLON was fingerprinted, photographed and strip-searched at the precinct.

26.     Plaintiff JOSE COLON was told by police officers that he was going to be taken to court.

27.     Police officers advised Plaintiff JOSE COLON that if were to be asked in court how he was doing, he should "tell them that my health was alright and they were going to let me go."

4

28. Just prior to be being arraigned, Plaintiff JOSE COLON was informed by his arraignment attorney that he was being charged with a sale of narcotics to an undercover police officer.

29. At his arraignment, Plaintiff JOSE COLON was released on his own recognizance.

30. Shortly after being released from custody, Plaintiff JOSE COLON went back to the bar/nightclub and watched the portion of the surveillance video recording that was taken inside and outside of the bar/nightclub from the time that Plaintiff JOSE COLON entered the bar/nightclub until the time that he was arrested.

31. Plaintiff JOSE COLON obtained a copy of the surveillance video from the owner of the bar/nightclub, who copied it directly from the original computerized recording.

32. The surveillance video showed that at no time did Plaintiff JOSE COLON have any contact whatsoever with Police Officers Henry Tavarez, Steven Anderson or Alan Figueroa nor did he engage in any type of narcotics transaction with Police Officers Henry Tavarez, Steven Anderson or Alan Figueroa

33. The criminal charge against Plaintiff JOSE COLON was dismissed by the Queens County District Attorney on June 26, 2008.

34. Plaintiff JOSE COLON's arrest was the result of false information provided by defendants Tavarez, Anderson and Figueroa.

35. The false information included a claim by defendant Tavarez that Plaintiff JOSE COLON handed two packages containing cocaine to him.

5

36.   Plaintiff JOSE COLON's subsequent arrest was far in excess of defendants' rightful authority as New York City police officers. This arrest was made without proper cause.

37.   As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights.

38.   A notice of claim was served on the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

39.   Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "38" with the same force and effect as if fully set forth herein.

40.   All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

41.   All of the aforementioned acts deprived plaintiff JOSE COLON of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

42.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

6

43.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

44.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

45.     Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     As a result of the aforesaid conduct by defendants, plaintiff JOSE COLON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

47.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety and he was humiliated, without probable cause.

### THIRD CLAIM FOR RELIEF
### UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

48.     Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants strip-searched plaintiff JOSE COLON in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

50.     As a result of the foregoing, plaintiff JOSE COLON was subjected to an illegal and improper strip search.

51.     The foregoing unlawful strip search violated plaintiff JOSE COLON constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### FOURTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE

52.     Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Each and every individual defendant had an affirmative duty to intervene on plaintiff JOSE COLON's behalf to prevent the violation of his constitutional rights.

54.     The individual defendants failed to intervene on plaintiff JOSE COLON's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

55.    As a result of the aforementioned conduct of the individual defendants, plaintiff JOSE COLON's constitutional rights were violated and he was subjected to excessive force and sustained physical injuries.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

56.    Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    The level of force employed by defendants was objectively unreasonable and in violation of plaintiff JOSE COLON's constitutional rights.

58.    As a result of the aforementioned conduct of defendants, plaintiff JOSE COLON was subjected to excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

59.    Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.    Defendants issued legal process to place plaintiff JOSE COLON under arrest.

61.    Defendants arrested plaintiff JOSE COLON in order to obtain a collateral objective outside the legitimate ends of the legal process.

62.    Defendants acted with intent to do harm to plaintiff JOSE COLON without excuse or justification.

## SEVENTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

63.     Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Defendants misrepresented and falsified evidence before the District Attorney.

65.     Defendants did not make a complete and full statement of facts to the District Attorney.

66.     Defendants withheld exculpatory evidence from the District Attorney.

67.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff JOSE COLON.

68.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff JOSE COLON.

69.     Defendants acted with malice in initiating criminal proceedings against plaintiff JOSE COLON.

70.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff JOSE COLON.

71.     Defendants lacked probable cause to continue criminal proceedings against plaintiff JOSE COLON.

72.     Defendants acted with malice in continuing criminal proceedings against plaintiff JOSE COLON.

73.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

74. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff JOSE COLON's favor on June 26, 2008, when all charges against him were dismissed.

## EIGHTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

75. Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants created false evidence against plaintiff JOSE COLON.

77. Defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

78. Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

79. In creating and forwarding false information to prosecutors, defendants violated plaintiff JOSE COLON's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## NINTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

80. Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendants arrested and incarcerated plaintiff JOSE COLON in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that

11

said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

82.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

83.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

84.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

a)     wrongfully arresting minority individuals on the pretext that they were involved in drug transactions;

b)     manufacturing evidence against individuals allegedly involved in drug transactions;

c)     using excessive force on individuals who have already been handcuffed;

d)     unlawfully strip-searching pre-arraignment detainees in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband; and

e)     arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

85.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Heyward Dotson v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 2136;

- **Theodore Richardson v. City of New York,** United States District Court, Eastern District of New York, 02 CV 3651.

86.     The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals."

87.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOSE COLON.

88.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOSE COLON as alleged herein.

89.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff JOSE COLON as alleged herein.

90.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JOSE COLON was falsely arrested and incarcerated and improperly strip-searched.

91.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff JOSE COLON.

92.   Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff JOSE COLON's constitutional rights.

93.   All of the foregoing acts by defendants deprived plaintiff JOSE COLON of federally protected rights, including, but not limited to, the right:

   A.   Not to be deprived of liberty without due process of law;

   B.   To be free from seizure and arrest not based upon probable cause;

   C.   Not to have excessive force imposed upon him;

   D.   To be free from unlawful search;

   E.   To be free from unwarranted and malicious criminal prosecution;

   F.   To be free from malicious abuse of process;

   G.   Not to have cruel and unusual punishment imposed upon him; and

   H.   To receive equal protection under the law.

94.   As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive

14

damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

## PENDANT STATE CLAIMS

95.    Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.    On or about April 3, 2008, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

97.    The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

98.    On or about September 23, 2008, and within ninety (90) days after the claim for malicious prosecution herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, an Amended Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

99.    The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

100.    The City of New York conducted a hearing pursuant to General Municipal Law § 50-h upon the Notice of Claim filed on or about April 3, 2008, but did not

15

schedule or conduct such a hearing upon the Notice of Claim filed on or about September 23, 2008; such hearing is accordingly deemed waived.

101.   This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

102.   Plaintiff has complied with all conditions precedent to maintaining the instant action.

103.   This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

104.   Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.   Defendant police officers arrested plaintiff JOSE COLON in the absence of probable cause and without a warrant.

106.   As a result of the aforesaid conduct by defendants, plaintiff JOSE COLON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

107.   The aforesaid actions by the defendants constituted a deprivation of plaintiff JOSE COLON's rights.

16

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

108.   Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.   As a result of the foregoing, plaintiff JOSE COLON was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

110.   Plaintiff JOSE COLON was conscious of said confinement and did not consent to same.

111.   The confinement of plaintiff JOSE COLON was without probable cause and was not otherwise privileged.

112.   As a result of the aforementioned conduct, plaintiff JOSE COLON has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

113.   Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.   Defendants' aforementioned actions placed plaintiff JOSE COLON in apprehension of imminent harmful and offensive bodily contact.

17

115.   As a result of defendants' conduct, plaintiff JOSE COLON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

116.   Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.   Defendant police officers touched plaintiff JOSE COLON in a harmful and offensive manner.

118.   Defendant police officers did so without privilege or consent from plaintiff JOSE COLON.

119.   As a result of defendants' conduct, plaintiff JOSE COLON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

120.   Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.   On or about January 5, 2008, the defendant City of New York, its agents, servants and employees, and the aforesaid defendant police officers commenced a

18

criminal proceeding against plaintiff JOSE COLON, and falsely and maliciously, and without probable cause, charged plaintiff with crimes.

122.    Defendants, with the consent and participation of one another, continued said proceeding despite the fact that they knew or should have known that plaintiff JOSE COLON had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiff.

123.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff JOSE COLON.

124.    Defendants lacked probable cause to initiate criminal proceedings against plaintiff JOSE COLON.

125.    Defendants were motivated by actual malice in initiating criminal proceedings against plaintiff JOSE COLON.

126.    Defendants misrepresented and falsified evidence before the District Attorney.

127.    Defendants did not make a complete and full statement of facts to the District Attorney.

128.    Defendants withheld exculpatory evidence from the District Attorney.

129.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff JOSE COLON.

130.    Defendants lacked probable cause to continue criminal proceedings against plaintiff JOSE COLON.

131. Defendants were motivated by actual malice in continuing criminal proceedings against plaintiff JOSE COLON.

132. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff JOSE COLON's favor on or about June 26, 2008, when all charges against plaintiff were dismissed.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

133. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134. Defendant police officers issued legal process to place plaintiff JOSE COLON under arrest.

135. Defendant police officers arrested plaintiff JOSE COLON to obtain a collateral objective outside the legitimate ends of the legal process.

136. Defendant police officers acted with intent to do harm to plaintiff JOSE COLON, without excuse or justification.

137. As a result of the aforementioned conduct, plaintiff JOSE COLON suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

138.   Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "137" with the same force and effect as if fully set forth herein.

139.   The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

140.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

141.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

142.   The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff JOSE COLON.

143.   As a result of the aforementioned conduct, plaintiff JOSE COLON suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING AND RETENTION

144.   Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "143" with the same force and effect as if fully set forth herein.

145.    Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JOSE COLON.

146.    Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants POLICE OFFICERS HENRY TAVAREZ, STEVEN ANDERSON, ALAN FIGUEROA, DETECTIVE MIGUEL CARVAJAL and POLICE OFFICERS JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

## NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT TRAINING AND SUPERVISION

147.    Plaintiff JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "146" with the same force and effect as if fully set forth herein.

148.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff JOSE COLON.

**WHEREFORE**, plaintiff JOSE COLON demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:  Queens, New York
    January 2, 2009

          ROCHELLE S. BERLINER (RB 7463)
          118-21 Queens Boulevard
          Suite 504
          Forest Hills, NY 11375
          Tel (718) 261-3000